**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**SUBREENA GREEN, o/b/o A.D.H.**

          **Plaintiff,**

**-vs-**                                          **Case No. 6:09-cv-1936-Orl-28DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

          **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application on behalf of the minor Claimant for Child's Supplemental Security Income benefits. For the reasons set forth herein, it is **respectfully recommended** that the decision of the Commissioner be **REVERSED and the matter REMANDED** to the Commissioner, for additional consideration.

*PROCEDURAL HISTORY*

On October 6, 2006, Plaintiff filed an application for Child's Supplemental Security Income on behalf of her minor child, A.D.H. (R. 94-99). The application was denied initially and on reconsideration (R. 59-69), and Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ") (R. 20-58, 70). The ALJ issued an unfavorable decision on June 1, 2009 (R. 5-19). Plaintiff's request for Appeals Council was denied, making the ALJ's decision the final decision of the Commissioner. Plaintiff filed the instant action and the case was referred to the undersigned. The parties have briefed the issues and the case is now ripe for review under 42 U.S.C. § 1383(c)(3).

### *NATURE OF CLAIMED DISABILITY*

Plaintiff alleged that the Claimant became disabled on October 6, 2006, due to attention deficit/hyperactivity disorder and asthma.

### *Summary of Evidence Before the ALJ*

Claimant was born September 1, 2002, was four years old as of the date of the alleged onset and six years old as of the date of the hearing (R. 27). The ALJ found that Claimant had never engaged in substantial gainful activity (R. 11).

The administrative record before the ALJ contained medical records pertaining to the Claimant, certain school reports and forms, and reports from non-examining consultants. In the interest of privacy and brevity, the evidence will not be repeated here, except as necessary to address Plaintiff's objections. By way of summary, the ALJ determined that Claimant had "severe" impairments, including an attention deficit/hyperactivity disorder (ADHD) and asthma (R. 11), and the record supports this uncontested finding. The ALJ evaluated Claimant pursuant to the three-step sequential evaluation process applicable to determine whether a person under the age of 18 is disabled, and determined that Claimant had a marked limitation in only one category – attending and completing tasks (R. 9-18). The ALJ thus found that Claimant's impairments did not meet or medically equal the severity of any impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1 (R. 11), and concluded that Claimant "has not been disabled, as defined in the Social Security Act, since October 6, 2006, the date the application was filed . . ." (R. 18).

### *STANDARD OF REVIEW*

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C.

§ 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### *ISSUES AND ANALYSIS*

An individual under the age of eighteen shall be considered disabled if that individual has a medically determinable physical or mental impairment that results in marked and severe functional limitations, and that can be expected to result in death, or that has lasted, or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). The regulations establish a sequential evaluation process for determining disability for children. As set forth by the Commissioner, the three-step process requires a child to show: (1) that he or she is not working; (2) that he or she has a severe impairment or combination of impairments; and (3) that his or her impairment or combination of impairments is of listing-level severity, that is, the impairment(s) met, medically equaled, or functionally equaled the severity of an impairment in the listings. 20 C.F.R. § 416.924. A child's functional limitations are evaluated in six broad functional areas, called domains:

>	(i) Acquiring and using information;
>
>	(ii) Attending and completing tasks;
>
>	(iii) Interacting and relating with others;
>
>	(iv) Moving about and manipulating objects;
>
>	(v) Caring for yourself; and
>
>	(vii) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1).

If a child has marked limitations in two domains or an extreme limitation in one domain, the child's impairment(s) is functionally equivalent to a listed impairment. 20 C.F.R. § 416.926a(d). Here, the ALJ found that Claimant did not have an extreme limitation in any domain of functioning or a marked limitation in two domains of functioning, and so did not functionally equal the severity of the listings (R.13-18).

Plaintiff contends that the ALJ failed to properly evaluate the Claimant's functional equivalency to a childhood listing in that she "failed to consider all of the medical evidence" when determining the extent of the impairments. Specifically, Plaintiff contends that the ALJ did not consider the evidence presented by two of the Claimant's teachers and the evaluations presented from a physician's assistant and the treating physician group.

On October 20, 2006, Plaintiff's Pre-Kindergarten teacher, Camilla Hall, completed a Teacher Questionnaire at the request of the Disability Determinations Service (R. 126-133). In a section titled 'Acquiring and Using information,' Ms. Hall checked 'Yes' for the child having problems functioning in this domain (R. 127). She indicated that claimant had 'a serious problem' reading and comprehending written material (R. 127) and understanding and participating in class discussion (R. 127). In 'Attending and Completing tasks,' Ms. Hall checked 'Yes' for the child having problems in this domain (R. 128). She indicated that claimant had a 'serious problem' sustaining attention

-4-

during play/sports activities and changing from one activity to another without being disruptive (R. 128). According to Ms. Hall, claimant had a 'very serious problem' working without distracting self or others, and he has a problem with being still long enough to focus and stay on task (R. 128). In 'Interacting and Relating with others,' Ms. Hall checked 'Yes' for the child having problems in this domain, as well (R. 129).

In addition to this report, Plaintiff's Kindergarten teacher, B. Hurst, completed a NICHQ Vanderbilt assessment scale, on February 20, 2008 (R. 218-221). Ms. Hurst indicated Plaintiff failed to give attention to details or makes careless mistakes in school work; has difficulty sustaining attention to tasks or activities; has difficulty organizing tasks and activities; is easily distracted by extraneous stimuli; runs about or climbs excessively in situations in which remaining seated is expected; and interrupts or intrudes on others (R. 218-19). Ms. Hurst indicated Plaintiff does these things "very often." *Id.*

On March 6, 2008, an Analysis of Functional Limitations in Childhood disability case form was completed by Amy Grimes, Physician Assistant, on behalf of Heartland Pediatrics, claimant's treating provider (R. 222-24). In the area of development designated 'Cognition/Communication: The ability or inability to learn, understand and recall information,' Ms. Grimes found "Marked" limitations (R. 222). In the area of development designated 'Social: the ability or inability to form and maintain relationships with other individuals and with groups,' Ms. Grimes found "Marked" and "Extreme" limitations (R. 223). In the area of 'Personal: the ability or inability to help yourself and to cooperate with others in taking care of personal needs, health, and safety,' Ms. Grimes also checked "Marked" (R. 224). In the area of 'Concentration, Persistence or Pace: The ability or inability to attend to, and sustain concentration on, an activity or task,' Ms. Grimes checked "Extreme" limitations (R. 224).

Other than a statement that she considered "the medical evidence in its entirety . . . as well as the clamant's school records" (R. 12), it is undisputed that the ALJ did not discuss the assessment by Ms. Grimes or the school records. This is error. As noted by this Court in a similar case, "mere reference is not analysis." *Perez-Rosario ex rel A.G.I. v. Commissioner of Social Security,* 2008 WL 1776569 (M.D. Fla. 2008) (noting that "the regulations with respect to childhood disability require particularly meticulous review of all of the evidence of record and a particularly clear explanation as to the ALJ's reasons for each finding, due to the requirement of specific findings in each domain."). The ALJ must develop a full and fair record and evaluate all of the relevant evidence. *Nyberg v. Commissioner of Social Security,* 179 Fed. Appx. 589 (11th Cir. 2006) (per curiam) (unpublished). Moreover, "[t]he ALJ must state specifically the weight accorded each item of evidence and the reasons for his decision." *Gibson v. Heckler,* 779 F.2d 619, 623 (11th Cir. 1986); *see also Sharfarz. v. Bowen,* 825 F.2d 278, 279 (11th Cir. 1987).[1] The regulations pertinent to child disability applications specifically note that school records, even preschool records, are "important sources of information" and state that "we will consider all the evidence we receive from your school, including teacher questionnaires . . ." *See* 20 C.F.R. § 416.924a. While the ALJ states that she considered the medical and school records, the Court cannot conduct a meaningful review if the ALJ fails to state what legal standards she applied or what weight she gave to the evidence. *See Ryan v. Heckler*, 762 F.2d 939, 942 (11th Cir. 1985).

Nor is the Court persuaded that the failure to expressly consider the teacher evaluations and the opinion of the physician's assessment is mere harmless error, as the Commissioner suggests.

---

[1] Pursuant to the regulations, a physician assistant is not considered an acceptable medical source. See 20 C.F.R. §§ 404. 1513(a), 416.913(a). Still, "evidence from other sources" such as physician assistants may be used "to show the severity of [a claimant's] impairment(s) and how it affects [his/her] ability to" engage in work-related activities. Id. §§ 404. 1513(d), 416. 913(d). "The opinions of a physician assistant constitute 'evidence to be considered on the record as a whole.'" *Duncan v. Astrue,* 2008 WL 1925091, 2 (M. D. Fla. 2008) (internal citation omitted).

-6-

While the Commissioner correctly notes that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision" (Brief at 14), this is only true if the decision is sufficient to enable the court to conclude that the ALJ fully considered the claimant's condition. Here, the omitted evidence is not cumulative and is patently inconsistent with the ALJ's findings. Although the Commissioner contends that the failure to further evaluate the school records and the assessment was not necessary "because any limitations therein would be inconsistent with [the] record[] as a whole," this contention is unpersuasive. It is the ALJ's duty to evaluate the evidence and either credit it or discredit it. The Commissioner's contention assumes that the evidence, if evaluated, would necessarily be discredited– a conclusion that is not within the purview of a reviewing Court. It is not the task of this Court to weigh the evidence and establish whether it is consistent or inconsistent with the record in the first instance; that is the duty of the ALJ. *See Nyberg v. Commissioner of Social Security, supra*. The administrative decision was not made in accordance with proper standards of law, and must be reversed.[2]

In so recommending, the Court notes that it is *not* finding that the child is disabled, nor that upon adequate evaluation and consideration, the Commissioner will not again reach the identical conclusion presented here. The Court finds only that, absent adequate findings, it cannot perform its task of review. It is therefore **respectfully recommended** that the administrative decision be **REVERSED** and the case be **REMANDED,** pursuant to sentence four of 42 U.S.C. § 405(g), for reconsideration of the entire administrative record and for a clear explanation as to the weight afforded the evidence. Should this recommendation be adopted, the Clerk should be directed to enter judgment accordingly.

---

[2] Plaintiff also claims that the ALJ failed to adequately consider the February 24, 2009 Analysis of Functional Limitations in Childhood disability case form completed by Vishakaha Nakhate, M.D., Heartland Pediatrics (R. 250-253). In view of the conclusion that the matter must be remanded, the Court need not reach this contention. Upon remand, the ALJ should consider all of the evidence anew.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 27, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy