# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SUBREENA GREEN,

        **Plaintiff,**

-vs-                                    **Case No.  6:09-cv-1936-Orl-28DAB**

COMMISSIONER OF SOCIAL
SECURITY,

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**    **MOTION FOR ATTORNEY'S FEES UNDER THE EAJA (Doc. No. 20)**
>
> **FILED:**    **February 2, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    Plaintiff petitions for an award of fees following the issuance of an Order and Judgment with

respect to Plaintiff's claim for benefits.  Pursuant to the Equal Access to Justice Act, a party can

recover an award of attorney's fees against the government provided that the party seeking the award

is the prevailing party; the application for such fees, including an itemized justification for the amount

sought, is timely filed; the position of the government is not substantially justified; and no special

circumstances are present which would make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  The

Commissioner does not oppose the motion.

Plaintiff seeks an award of $2,485.40 in attorney's fees and $350 in costs (the filing fee). Plaintiff's counsel states that his firm spent 14.25 total hours, at an adjusted statutory rate of $172.23 per hour for 3.25 hours in 2009, and $175.06 per hour for 11.00 hours in 2010.  Plaintiff's counsel avers that the rates charged were calculated at the statutory rate, adjusted  for the cost of living increase, and capped by counsel. *See Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorneys fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate).  Upon review and no objection having been filed by the Commissioner, the Court finds that these sums are reasonable and an award is appropriate under the EAJA.

As to the stipulated procedure with respect to Plaintiff's assignment of EAJA Fees, the United States Supreme Court has made clear that an EAJA award is payable to the litigant, not his attorney, and is subject to offset to satisfy a pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff,* 560 U.S. ----, 130 S.Ct. 2521, 177 L.Ed.2d 91, 2010 WL 2346547 (June 14, 2010).  As such, any arrangement between client and counsel or between counsel for the government and counsel for Plaintiff is outside the purview of the judgment.  Once judgment is issued, the parties are free to satisfy it as they choose.

Upon review of the supporting papers filed by Plaintiff and the Commissioner having no objection, the Court finds that these sums are reasonable and an award is appropriate under the EAJA. It is therefore **respectfully recommended** that the motion be granted and the Clerk be directed to enter judgment in the amount of  $2,485.40 in attorney's fees and $350 in costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 4, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy